**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 18 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 20-10044 |
| Plaintiff-Appellant, | D.C. No. 2:19-cr-00333-DLR-1 |
| v. | |
| JOHN ADAM BACHLER, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the District of Arizona
Douglas L. Rayes, District Judge, Presiding

Argued and Submitted November 20, 2020
Phoenix, Arizona

Before: BYBEE, MURGUIA, and BADE, Circuit Judges.

The government appeals the district court's order suppressing all firearms and ammunition found in John Bachler's apartment pursuant to a search warrant issued by a magistrate judge. Because the parties are familiar with the facts, we do not recount them here. We review the district court's suppression order de novo. *United States v. Crews*, 502 F.3d 1130, 1135 (9th Cir. 2007). We have jurisdiction under

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

18 U.S.C. § 3731, and we reverse.

The government argues that the warrant to search Bachler's apartment, which allowed agents to search for and seize "[f]irearms and ammunition," was supported by probable cause and therefore not overbroad under the Fourth Amendment of the United States Constitution. "A magistrate judge may issue a search warrant if, under the totality of the circumstances, there is a fair probability that contraband or evidence of a crime will be found in a particular location." *United States v. Clark*, 31 F.3d 831, 834 (9th Cir. 1994). "A magistrate judge's finding of probable cause is entitled to great deference and this court will not find a search warrant invalid if the magistrate judge had a 'substantial basis' for concluding that the supporting affidavit established probable cause." *Crews*, 502 F.3d at 1135 (citation omitted).

Here, federal law prohibited Bachler from possessing any firearm because he was subject to a domestic-violence protective order. *See* 18 U.S.C. § 922(g)(8). Bachler requested an exception from the firearm prohibition in state court, seeking to repossess a "collection" of "military firearms," but the state court denied any exception and warned Bachler that he could not lawfully possess a firearm. Two days later, Bachler visited the Phoenix Police Department's Property Management Bureau, handed a clerk incorrect and unsigned paperwork, and erroneously received ten firearms. Bachler had also been caught illegally possessing an eleventh firearm during a traffic stop while subject to the protective order. These facts were

adequately explained in a federal agent's affidavit, and that affidavit was attached to a warrant application to search Bachler's apartment and vehicle for "[f]irearms and ammunition."

Relying on the federal agent's affidavit, a magistrate judge determined that probable cause existed to search for any and all firearms in Bachler's apartment, and we give great deference to that determination, *Illinois v. Gates*, 462 U.S. 213, 236 (1983) (stating that a magistrate judge's determination of probable cause should receive great deference). Considering the circumstances outlined in the federal agent's affidavit—including Bachler's actions to retrieve ten firearms from the Property Management Bureau despite being repeatedly told that he was a prohibited possessor and Bachler's admitted desire to repossess a "collection" of "military firearms"—the magistrate judge had a substantial basis to find probable cause existed to search for and seize any and all firearms in Bachler's apartment. Accordingly, the "[f]irearms and ammunition" clause in the warrant to search Bachler's apartment was not overbroad under the Fourth Amendment. The district court erred by holding otherwise.[1]

**REVERSED**.

---

[1] Because the "[f]irearms and ammunition" clause was supported by probable cause, we need not reach the argument regarding the good-faith exception.